UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK PHOENIX,

  *Petitioner*,

v.

UNITED STATES OF AMERICA,

  *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20344
CIVIL CASE NO. 12-CV-12229

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 27)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II. REPORT**

  **A. Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Derek Phoenix ("Phoenix"). (Doc. 27.) The Court has not ordered the government to respond because it finds for the reasons explained below that Phoenix's motion

does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Phoenix was charged in three-count indictment with: distribution of cocaine base, commonly known as crack cocaine, on May 21, 2007, in violation of 21 U.S.C. § 841(a)(1) (Count 1); distribution of cocaine base, commonly known as crack cocaine, on June 26, 2007, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and felon in possession of a firearm on June 27, 2007, in violation of 18 U.S.C. § 922(g) (Count 3). (Doc. 3.) On October 26, 2007, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Phoenix had been previously convicted of a felony drug offense in Saginaw County and thus was subject to enhanced penalty provisions. (Doc. 13.)

On November 28, 2007, Phoenix pleaded guilty to Count 2 of the indictment and Counts 1 and 3 were dismissed pursuant to the Rule 11 agreement. (Doc. 16.) In the agreement, the government recommended that Phoenix be granted a reduction of three levels for acceptance of responsibility and it noted that there were no sentencing guideline disputes and that the applicable range was 188 to 235 months, absent any career offender status issues. (Doc. 16 at 2, 3.) At the sentencing hearing on March 19, 2008, it was noted that Phoenix was a career offender based on a Michigan conviction for delivery of cocaine and a Michigan conviction for third-degree fleeing and eluding, causing the applicable guideline range to increase to 262 to 327 months. (Doc. 20 at 4-5, 9-10.) However, based on the parties' Rule 11 agreement, Phoenix was "saved" from the higher guideline range and was sentenced as if the 188 to 235 month guideline range were the applicable range. (Doc. 20 at 10.) After considering the 18 U.S.C. § 3553 factors, the Court

sentenced Phoenix to a prison term of 215 months. (Doc. 20 at 10-11.) On March 20, 2008, judgment was entered and Phoenix was committed to the Bureau of Prisons for 215 months. (Doc. 17 at 2.)

Phoenix appealed and, on February 11, 2011, the Sixth Circuit affirmed the conviction and sentence. (Doc. 24.)[1] Phoenix argued on appeal "that his sentence was unreasonable because the court did not address his statements regarding the crack/cocaine sentencing disparity and that, when combined with the career offender provision, that disparity leads to a sentence that is longer than necessary." (Doc. 24 at 5.) The Sixth Circuit noted that "Phoenix's offense level was set at 34 because the statutory maximum for his crime was thirty years" and concluded that, "[b]ecause that penalty provision makes no distinction between crack and cocaine quantities, the controversial sentencing disparity between crack and cocaine was not relevant to his Guidelines range." (Doc. 24 at 5, n.1.) The Sixth Circuit also noted that defense counsel's request for leniency was successful in that Phoenix was sentenced in the middle of the guideline range rather than the top of the range. (Doc. 24 at 7.) The Sixth Circuit held that the trial judge adequately considered and responded to Phoenix's argument that he "barely qualified as a career offender." (Doc. 24 at 8.) Finally, the Sixth Circuit reiterated the presumption that a sentence within the guideline range is reasonable and held that Phoenix's sentence was substantively reasonable. (Doc. 24 at 8-9.)

Phoenix filed the instant motion to vacate his sentence on May 18, 2012. (Doc. 27.) In the motion, Phoenix contends under ground one that his trial counsel was ineffective because Phoenix "was never clear as to what or how Attorney Proschek was going to present to the court for sentencing," his attorney was not prepared for sentencing as shown by the Sixth Circuit's notation

---

[1]The mandate was filed on March 7, 2011. (Doc. 25.)

that counsel "'was never explicit about whether he was asking for a variance or for leniency[,]'" defense counsel was not aware that Phoenix had enrolled in school nor did he interview Phoenix's friends and family, and defense counsel "very well could have argued that Movant's career offender designation exaggerates the seriousness of his criminal history." (Doc. 27 at 12, 13, 18.) Ground two asserts that counsel was ineffective during the plea bargaining stage because when Phoenix "responsed [sic] that maybe if I hold out I will get a better deal, and then Attorney Proschek told me, if I decide to hold out it would be much worst [sic]." (Doc. 27 at 21.)

### C.     Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), applies in this case because the petition was filed after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA contains a one-year statute of limitations for petitions seeking to vacate, set aside or correct federal sentences. 28 U.S.C. § 2255(f).[2] "Prior to this [enactment], a party could bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

---

[2]28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pursuant to § 2255(f)(1), the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 petitioner does not pursue a direct appeal to the court of appeals, his or her conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.*

In the instant case, Phoenix filed his motion to vacate sentence on May 18, 2012. (Doc. 27.) The Sixth Circuit's opinion was issued on February 11, 2011 (Doc. 24) and the mandate was issued on March 7, 2011. (Doc. 25.) In order to be timely, Phoenix's motion must have been filed by May 10, 2012, or May 12, 2012, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the appeals court entered its judgment. Since Phoenix is a prisoner, the motion is considered filed "at the time the petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In the instant case, it is difficult to tell when that happened. Phoenix dated his motion May 5, 2012, the document was stamped by prison officials on May 10, 2012, and it was sent by Priority Mail, yet was not received by the district court until May 18, 2012. (Doc. 27 at 26.) Giving Phoenix the

5

benefit of the date and time stamp of May 10, 2012, I suggest that his motion may be considered timely.

    **D.    Substantive Analysis and Conclusions**

    **1.    Standards**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of

6

'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

7

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**2. Application**

**a. Ground One - Sentencing Issues**

Phoenix alleges that counsel was ineffective because Phoenix "was never clear as to what or how Attorney Proschek was going to present to the court for sentencing," because his attorney was not prepared for sentencing as shown by the Sixth Circuit's notation that counsel "'was never explicit about whether he was asking for a variance or for leniency[,]'" because defense counsel was not aware that Phoenix had enrolled in school nor did he interview Phoenix's friends and family, and because defense counsel "very well could have argued that Movant's career offender designation exaggerates the seriousness of his criminal history." (Doc. 27 at 12, 13, 18.)

As noted by the Sixth Circuit, even if it was unclear whether counsel was arguing for a variance or for a downward departure, counsel was successful in achieving leniency. (Doc. 24 at 7.) In addition, the Sixth Circuit addressed the procedural and substantive reasonableness of Phoenix's sentence. Since the appellate court addressed the sentencing issues underlying Phoenix's ineffective assistance claims, I suggest that these claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Phoenix has alleged no such exceptional circumstances justifying further review, and the record reveals none.

8

It could be argued that these grounds were not raised on direct appeal because now they are brought under the rubric of ineffective assistance of counsel. However, where the appellate court has held that the errors alleged were harmless, any claims that an attorney was ineffective for failing to raise these same errors are also procedurally barred. *United States v. Ramirez*, 327 Fed. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[3]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Phoenix now contends that his trial counsel was ineffective for failing to prevent errors that the Sixth Circuit held lacked merit. Since the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Phoenix as required under *Strickland. See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Phoenix's section 2255 motion should be denied.

To the extent that Phoenix argues that he should not be considered a career offender because he was a low level offender, the Sixth Circuit has rejected claims that the "career offender guideline results in a punishment greater than necessary to punish a street-level offender," nor does the Sixth

---

[3]*See also Hestle v. United States*, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

9

Circuit countenance arguments that "applying the career-offender guideline to low-level drug dealers serves no deterrence purpose, because other low-level drug dealers will emerge to take their place." *United States v. Vaughn*, 444 Fed. App'x 875, 882 (6th Cir. 2011).

### b.    Ground Two - Plea Bargaining

Phoenix also argues that counsel was ineffective during the plea bargaining stage because when Phoenix "responsed [sic] that maybe if I hold out I will get a better deal, and then Attorney Proschek told me, if I decide to hold out it would be much worst [sic]." (Doc. 27 at 21.)

The "present case is not one in which the defense counsel failed to transmit to the defendant a plea offer by the government" or "failed to explain to the defendant the potential length of his sentence if he proceeded to trial," and, therefore, counsel did not perform "below an objective standard of reasonableness[.]" *Pough v. United States*, 442 F.3d 959 (6th Cir. 2006); *accord, United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011) (counsel did not perform unreasonably where he informed client of plea offer and advised defendant to accept plea agreement, thus, no need to address prejudice prong of *Strickland* test). Therefore, I suggest that Phoenix cannot establish that counsel performed unreasonably.

Even if Phoenix could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Phoenix does not even allege that he would have decided to go to trial absent counsel's advice, he merely asserts that perhaps he would have received a better deal had he held out longer during the plea negotiations.

10

I suggest that Phoenix is unable to show prejudice and thus, that his motion should be denied as to his second ground.

### 3. Conclusion

I therefore suggest that Phoenix has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### E.  Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve

11

alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Phoenix cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Phoenix is not entitled to a hearing on the allegations raised in his motion.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                  s/ **Charles E Binder**
                                                  CHARLES E. BINDER
Dated: June 4, 2012                            United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Derek Phoenix #41846-039, Allenwood FCI, P.O. Box 2000, White Deer, PA 17887.

Date: June 4, 2012                     By     s/Patricia T. Morris
                                                Law Clerk to Magistrate Judge Binder